UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RONALD A. CHOINA, *et al.*,

        Plaintiffs,      :

  v.

OHIO DEPARTMENT OF
TAXATION, *et al.*,                :

        Defendants.

Case No. 2:23-cv-3517
Judge Sarah D. Morrison
Magistrate Judge Elizabeth A. Preston Deavers

## OPINION AND ORDER

Ronald and Jane Choina filed their Complaint against John J. Saxon, Sr. and the Ohio Department of Taxation in the Morrow County Court of Common Pleas. (ECF No. 2.) The Choinas seek to quiet title to real property owned by <u>Jane</u> Choina but encumbered by tax liens against <u>Ronald</u> Choina. (*Id.*, ¶¶ 1, 4.) They also seek money damages against "Defendants in their official capacities for breaching their fiduciary duties and in their individuals capacities as people who know or should know better[.]" (ECF No. 2, ¶ 25.) The case is now before the Court on several motions, including: the Choinas' Rejection of Removal, which the Court construes as a Motion to Remand (ECF No. 8); the Ohio Department of Taxation's Motion to Dismiss (ECF No. 6); the United States' Motion for Substitution (ECF No. 10); and Mr. Saxon's Motion to Dismiss (ECF No. 17).

**I.**    **The Choinas' Motion to Remand is denied.**

Mr. Saxon, a Revenue Officer for the Internal Revenue Service, removed the action to this Court. (ECF No. 1.) He cites 28 U.S.C. § 1444 (allowing removal of an

action affecting property on which the United States has a lien) and § 1442(a)(1) (allowing removal of an action brought against an officer of the United States for conduct "under color of such office"). (*Id.*) The Choinas argue that removal was not appropriate because their claim was not brought in a "State court" as the term is defined in the removal statute. (ECF No. 8 (citing 28 U.S.C. § 1442(d)(6) ("The term 'State court' includes the Superior Court of the District of Columbia, a court of a United States territory or insular possession, and a tribal court.")).) The argument ignores the plain language of the statute and is not well-taken.

The Motion to Remand (ECF No. 8) is **DENIED**.

II. **The Ohio Department of Taxation's Motion to Dismiss is granted.**

The Ohio Department of Taxation ("DOT") moves to dismiss the Choinas' claims under Rule 12(b)(1). (ECF No. 6 (citing U.S. CONST. amend. XI).) The Choinas did not respond. Federal Rule of Civil Procedure 12(b)(1) provides for dismissal when the court lacks subject matter jurisdiction. Without subject matter jurisdiction, a federal court has no authority to hear a case. *Thornton v. Sw. Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990). Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). DOT mounts a facial attack. A facial attack "questions merely the sufficiency of the pleading[,]" so the trial court takes the allegations of the complaint as true. *Rote v. Zel Custom Mfg. LLC*, 816 F.3d 383, 387 (6th Cir. 2016) (internal quotation marks omitted). To survive a facial attack, the complaint must contain a short and plain statement of the grounds for jurisdiction. *Id.* When subject matter jurisdiction is challenged, "the

2

plaintiff has the burden of proving jurisdiction in order to survive the motion." *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).

The Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." U.S. CONST. amend. XI. "This immunity is far reaching. It bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments, by citizens of another state, foreigners or its own citizens." *Thiokol Corp. v. Dep't of Treas.*, 987 F.2d 376, 381 (6th Cir. 1993) (internal citations omitted). DOT asserts that Eleventh Amendment immunity bars all suits against it, except those brought in the Ohio Court of Claims. *See* Ohio Rev. Code § 2743.02. The Choinas have not shown otherwise.

DOT's Motion to Dismiss (ECF No. 6) is **GRANTED**.

### III. Mr. Saxon's Motion to Dismiss

Mr. Saxon construes the Choinas' Complaint as asserting individual-capacity claims against him under 15 U.S.C. § 78ff and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). The Choinas do not argue for any alternative construction. (*See* ECF No. 18.) Mr. Saxon moves to dismiss those claims under Rules 12(b)(1) and 12(b)(6). (ECF No. 17.)

The Rule 12(b)(1) standard is set out above.

As to Rule 12(b)(6), court first look to Rule 8(a), which requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550

3

U.S. 544, 555 (2007) (internal alteration and quotations omitted). A complaint may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Supreme Court has explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotations omitted). Although a *pro se* litigant is entitled to a liberal construction of his pleadings and filings, his complaint may not rest on bare legal conclusions, but "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).

### A. 15 U.S.C. § 78ff

Mr. Saxon asserts a facial challenge to the Choinas' invocation of 15 U.S.C. § 78ff(a). That statute establishes criminal penalties for false and misleading statements of material fact made in violation of the Securities Exchange Act of 1934 (15 U.S.C. § 78a, *et seq.*, the "1934 Act"). Mr. Saxon argues that, because federal courts have exclusive jurisdiction over claims under the 1934 Act, *see* 15 U.S.C. § 78aa(a), the Morrow County Court of Common Pleas lacks jurisdiction to hear the claim and, derivatively, this Court does too. The Court agrees. "[R]emoval

4

jurisdiction is 'purely derivative.'" *Zeune v. Bender*, No 2:12-cv-448, 2013 WL 1189856, at *2 (S.D. Ohio 2013) (Sargus, J.). Thus, when an action removed under 18 U.S.C. § 1442[1] was jurisdictionally barred in the state court, the federal court may not pick up the mantle—"even if the district court would have had jurisdiction if the plaintiff had originally filed his action there." *Id*.

Even if this Court had subject matter jurisdiction, the claim would fail. First, because there are no factual allegations of any violation of the Securities Exchange Act of 1934. And second, because "criminal statutes generally do not create private causes of action[.]" *Young v. Overly*, No. 17-6242, 2018 WL 5311408, at *2 (6th Cir. July 2, 2018) (citing *Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) (declining to infer a private right of action for criminal violations of the 1934 Act, and acknowledging that 15 U.S.C. § 78ff makes it "a criminal violation to violate any of [the 1934 Act's] provisions")).

### B. Bivens

More than fifty years ago, the Supreme Court recognized a claim for civil damages against a federal officer for alleged constitutional violations. *Bivens*, 403 U.S. 388 (1971). To state a *Bivens* claim, "a plaintiff must allege that he was deprived of a right secured by the federal constitution or laws of the United States by a person acting under color of federal law." *Nunez v. FCI Elkton*, 32 F. App'x 724, 725 (6th Cir. 2002). The Choinas do not allege any such violation. (*See*, ECF No. 2, *generally*.)

---

[1] By act of Congress, the doctrine of derivative jurisdiction no longer applies in cases removed under 28 U.S.C. § 1441. *See* 28 U.S.C. § 1441(f).

5

Mr. Saxon's Motion to Dismiss (ECF No. 17) is **GRANTED**.

### IV. United States' Motion for Substitution

Only the Choinas' official-capacity claims against Mr. Saxon remain. A lawsuit brought against a public official in his official capacity is treated as a suit against the government entity because the entity is the real party in interest. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). In recognition of that principle, the United States moves that it be substituted as a defendant to the remaining claims. (ECF No. 10.) The Choinas did not respond.

The United States Motion for Substitution (ECF No. 10) is **GRANTED**.

### V. CONCLUSION

For the reasons above, the Choinas' Motion to Remand (ECF No. 8) is **DENIED**. The Motions to Dismiss (ECF Nos. 6, 17) are **GRANTED**; the Choinas' claims against DOT and individual-capacity claims against Mr. Saxon are **DISMISSED with prejudice**. The United States' Motion for Substitution (ECF No. 10) is **GRANTED**. The United States is **SUBSTITUTED** for Mr. Saxon as a Defendant to all remaining claims.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**