UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RONALD A. CHOINA**, *et al.*,

        **Plaintiffs,**       :

  v.                                **Case No. 2:23-cv-3517**
                                                **Chief Judge Sarah D. Morrison**
                                                **Magistrate Judge Elizabeth A.**
**OHIO DEPARTMENT OF**             **Preston Deavers**
**TAXATION**, *et al.*,                    :

        **Defendants.**

<u>**OPINION AND ORDER**</u>

In the operative First Amended Complaint, Ronald and Jane Choina seek to quiet title to real property owned by <u>Jane</u> Choina but encumbered by federal tax liens against <u>Ronald</u> Choina. (Am. Compl., ECF No. 22.) The Choinas request declaratory judgment, injunctive relief, and money damages. (*Id.*, ¶¶ 23–28.) The case is now before the Court on the Choinas' Motion for Preliminary Injunction (ECF No. 21) and the United States' Motion to Dismiss (ECF No. 28). For the reasons below, the Choinas' Motion is **DENIED** and the United States' Motion is **GRANTED**.

I.      **MOTION FOR PRELIMINARY INJUNCTION**

The Court will first address the Choinas' Motion for Preliminary Injunction. The Motion does not clearly define the injunctive relief sought. The United States interprets the Motion as a separate request for the injunctive relief sought in the Amended Complaint—that is, "a judgment forever enjoining [the United States] from claiming any estate, right, title or interest in" the Choinas' property. (Am.

Compl., ¶ 25; *see also* ECF No. 25, PAGEID # 97 (opposing a "preliminary injunction barring the United States from taking any actions whatsoever against the specified property to collect the substantial outstanding tax liabilities and associated penalties").) The Choinas do not dispute the United States' interpretation. (*See* ECF No. 29.) The Court will thus adopt the same.

The United States opposes the Motion, arguing that the Choinas' request for injunctive relief is barred by the Anti-Injunction Act. (ECF No. 25.) The Court agrees. The Anti-Injunction Act provides that, except as provided in thirteen specific provisions of the Internal Revenue Code, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court." 26 U.S.C. § 7421(a). The Act is jurisdictional—thus, it "prevents courts from asserting jurisdiction over such cases unless they fall into one of two narrow exceptions[.]"*RYO Mach., LLC v. U.S. Dep't of Treasury*, 696 F.3d 467, 470–71 (6th Cir. 2012); *see also South Carolina v. Regan*, 465 U.S. 367 (1984), *Enochs v. Williams Packing & Nav. Co.*, 370 U.S. 1, 7 (1962). Neither exception applies here. Nor do any of the thirteen enumerated statutes confer jurisdiction for this Court to consider the Choinas' claim for injunctive relief. Although the Amended Complaint references three of those statutes, 26 U.S.C. §§ 6212, 6213, and 6331, it does so without alleging any factual basis for their invocation. (*See* Am. Compl., ¶ 19 (alleging that the federal tax liens are "erroneous and invalid" because, *inter alia*, "assessment were made in violation of the deficiency procedures proscribed by 26 USC 6212 and 6213" and the IRS "failed to send adequate notice of assessments and

2

demands for payment pursuant to 26 USC 6331".) The Choinas' pleading cannot be described as asserting claims under those statutes, and the Court thus lacks jurisdiction to consider their request for injunctive relief.

## II. MOTION TO DISMISS

The United States moves to dismiss the Choinas' claim for money damages under Federal Rules of Civil Procedure 12(b)(1).[1] (ECF No. 28.) Rule 12(b)(1) provides for dismissal when the court lacks subject matter jurisdiction. Without subject matter jurisdiction, a federal court has no authority to hear a case. *Thornton v. Sw. Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990). Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). The United States mounts a facial attack. A facial attack "questions merely the sufficiency of the pleading[,]" so the trial court takes the allegations of the complaint as true. *Rote v. Zel Custom Mfg. LLC*, 816 F.3d 383, 387 (6th Cir. 2016) (internal quotation marks omitted). To survive a facial attack, the complaint must contain a short and plain statement of the grounds for jurisdiction. *Id*. When subject matter jurisdiction is challenged, "the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).

The United States argues that this Court lacks subject-matter jurisdiction over the Choinas' claim for money damages, as they have not identified a waiver of

---

[1] The United States also cited Rule 12(b)(6). Because the argument under Rule 12(b)(1) is well-taken, the Court need not discuss Rule 12(b)(6).

3

sovereign immunity. The Court agrees. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). "Sovereign immunity is jurisdictional in nature and deprives the district courts of subject-matter jurisdiction where applicable." *Allen v. United States*, No. 2:24-CV-315, 2024 WL 2710700, at *2 (S.D. Ohio Jan. 30, 2024) (Vascura, M.J.) (citing, *inter alia*, *Milligan v. United States*, 670 F.3d 686, 692 (6th Cir. 2012)), *report and recommendation adopted*, 2024 WL 1952877 (S.D. Ohio May 3, 2024) (Morrison, J.).

The Amended Complaint alleges that jurisdiction derives from 26 U.S.C. §§ 6321, 7432, and 7433. (Am. Compl., ¶ 2.) None of those statutes allow the Choinas to sue for money damages. The first, 26 U.S.C. § 6321, simply provides that failure or refusal to pay taxes will result in "a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to" the delinquent taxpayer. The second, 26 U.S.C. § 7432, allows a taxpayer to sue the United States for failure to release a tax lien on property. And the third, 26 U.S.C. § 7433, allows a taxpayer to sue the United States if an officer or employee of the I.R.S. uses unauthorized means to collect taxes. But such suits are only authorized when the taxpayer's administrative remedies are exhausted. 26 U.S.C. §§ 7423(d)(1), 7433(d)(1); *see also* 26 C.F.R. §§ 301.7423-1(e)–(f), 301.7433-1(d)–(e). The Amended Complaint does not allege that the Choinas have begun to pursue, let alone exhausted, their administrative remedies.

4

### III. CONCLUSION

For the reasons above, the Choinas' Motion for Preliminary Injunction is **DENIED** and the United States' Motion to Dismiss is **GRANTED**. The Choinas' claims for injunctive relief and money damages against the United States are **BARRED**. Their only remaining claim is a declaratory action to quiet title.


**IT IS SO ORDERED.**

/s/ Sarah D. Morrison  
**SARAH D. MORRISON**  
**CHIEF UNITED STATES DISTRICT JUDGE**