UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RONALD A. CHOINA**, *et al.*,

      **Plaintiffs,**    :

 v.                          **Case No. 2:23-cv-3517**
                                 **Chief Judge Sarah D. Morrison**
                                 **Magistrate Judge Elizabeth A.**
**OHIO DEPARTMENT OF**            **Preston Deavers**
**TAXATION**, *et al.*,          :

      **Defendants.**

## NUNC PRO TUNC OPINION AND ORDER

This Nunc Pro Tunc Opinion and Order replaces the March 20, 2025 Opinion and Order (ECF No. 46).

This matter is before the Court on the United States' Motion for Summary Judgment. (ECF No. 39.) Plaintiffs Ronald and Jane Choina responded (ECF No. 42) and the United States replied (ECF No. 43). The Choinas then filed a supplemental response in opposition out of rule. (ECF No. 44.) The United States requested leave to respond, should the Court find it helpful. (ECF No. 45.) Because no further briefing is necessary, the United States' Motion for Leave to file Response to Sur-Reply (ECF No. 45) is **DENIED**. The Court thus turns to the United States' Motion for Summary Judgment.

### I.    LEGAL STANDARD

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant has the burden of establishing there are no genuine

issues of material fact, which may be achieved by demonstrating the nonmoving party lacks evidence to support an essential element of its claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Barnhart v. Pickrel, Schaeffer & Ebeling Co.*, 12 F.3d 1382, 1388–89 (6th Cir. 1993). The burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting Fed. R. Civ. P. 56). When evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

A genuine issue exists if the nonmoving party can present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339–40 (6th Cir. 1993). In other words, "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (concluding that summary judgment is appropriate when the evidence could not lead the trier of fact to find for the non-moving party).

These standards apply equally when the plaintiff is *pro se*. Although a pro se plaintiff is entitled to a liberal construction of his pleadings, this standard is "inapplicable" "[o]nce a case has progressed to the summary judgment stage." *Tucker v. Union of Needletrades, Indus., & Textile Emps.*, 407 F.3d 784, 788 (6th Cir. 2005) (quoting *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th

Cir. 2004)). Accordingly, a *pro se* plaintiff cannot oppose summary judgment through mere allegations and unsworn filings; a response must set out specific facts showing a genuine issue for trial through affidavits or otherwise. *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010).

## II.    ANALYSIS

Two claims remain in this action: (1) the Choinas' claim against the United States to quiet title; and (2) the United States' counterclaim against Mr. Choina to reduce his income tax liabilities to judgment. (*See* ECF No. 35.) The United States moves for summary judgment on both. (ECF No. 39.)

### A.    The Choinas' Quiet Title Claim

The Choinas filed suit to quiet title to the real property located at 4306 County Road 25, Marengo, Ohio 43334, challenging the propriety of federal tax liens asserted against the land. (ECF No. 22, ¶ 1.) In Ohio, quiet title actions are used "to conclusively determine the allocation of property interests." *Sandfoss v. Village of Morrow*, 151 N.E.3d 1, 3 (Ohio Ct. App. 2019) (further citation omitted); *see also* Ohio Rev. Code § 5303.01. The Choinas allege that the tax liens asserted against the Marengo property are improper because Ronald Choina is the delinquent taxpayer, but Jane Choina is the property owner. (*See* ECF Nos. 22, 42.)

Under the Internal Revenue Code, "all property" belonging to any person who fails to pay their taxes "shall be" encumbered by "a lien in favor of the United States" in the amount of delinquent taxes, plus any interest, costs, and penalties. 26 U.S.C. § 6321. Such liens "arise at the time the assessment is made," 26 U.S.C. § 6322, but are only valid against certain classes of interest holders (such as a

purchaser, mechanic's lienor, or judgment lien creditor) when a notice of federal tax lien has been filed, 26 U.S.C. § 6323(a).

The undisputed evidence[1] offered by the United States defeats the Choinas' claim. Mr. Choina deeded the Marengo property to Mrs. Choina via Quitclaim Deed executed and recorded on March 17, 2022. (ECF No. 22-1.) Seven of the notices of federal tax liens filed against the property reflect liens assessed before that date. (*See* ECF No. 39-11 (assessed between 2008 and 2014); ECF No. 39-12 (assessed in 2013); ECF No. 39-13 (assessed in 2013); ECF No. 39-14 (assessed in 2014); ECF No. 39-15 (assessed between 2014 and 2015); ECF No. 39-16 (assessed in 2015); ECF No. 39-17 (assessed in 2021).) The eighth was filed after that date. (ECF No. 39-18 (assessed in 2023 and 2024).)

In their Sur-Reply, the Choinas assert that the liens are unenforceable due to lapse of time and that Mr. Choina "has no interest in either the property in Marengo, Ohio or the property in Cardington[,] Ohio[.]" (ECF No. 44, PAGEID # 298.) They offer neither evidence nor explanation to support these assertions.

### B.  The United States' Counterclaim to Reduce Tax Liability to Judgment

The United States countersued Mr. Choina to recover six years of tax liability. (ECF No. 31.) It proffers Certificates of Assessment and a Revenue Officer Advisor's Declaration establishing that the liabilities assessed against Mr. Choina

---

[1] The Choinas argue that they "have not had the opportunity to make full discovery in this case[.]" (ECF No. 44, PAGEID # 297.) But discovery closed three weeks before the United States filed its Motion for Summary Judgment, and the Choinas did not move to extend the discovery deadline or compel the production of any discovery. (*See* ECF No. 27.)

4

are valid. (*See* ECF Nos. 39-1–39-10.) Mr. Choina responds only that "it is disputed that the liens on Ronald Choina are valid." (ECF No. 42.) Without any <u>evidence</u> creating a genuine dispute of material fact, the United States is entitled to judgment as a matter of law.

### III. CONCLUSION

For the reasons above, the United States' Motion for Summary Judgment (ECF No. 39) is **GRANTED**. Its Motion for Leave to File Response to Sur-Reply (ECF No. 45) is **DENIED**.

The Clerk is **DIRECTED** to **TERMINATE** this case.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE
CHIEF UNITED STATES DISTRICT COURT**